UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALLSTATE NEW JERSEY INSURANCE COMPANY, as Subrogee of Mary Campbell<br>3075 Sanders Road<br>Northbrook, Illinois 60062<br><br>　　　　　　　　　　Plaintiff<br><br>　　v.<br><br>THE HOME DEPOT U.S.A., INC.<br>2455 Paces Ferry Road<br>Atlanta, GA 30339<br><br>　　　　　　　　　　Defendant | Case No. 2:19-cv-12896<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, Allstate New Jersey Insurance Company, by and through its undersigned attorneys, upon information and belief, hereby alleges as follows:

### PARTIES

1. Plaintiff, Allstate New Jersey Insurance Company ("Allstate"), is an Illinois corporation with its principal place of business located at 3075 Sanders Road, Northbrook, Illinois, and at all times material hereto was authorized to issues policies of insurance in the State of New Jersey.

2. Defendant, The Home Depot U.S.A., Inc. ("Home Depot"), is a Delaware corporation, with a principal place of business at 2455 Paces Ferry Road, Atlanta, Georgia, and at all times material hereto, was engaged in the business of designing, manufacturing and distributing home consumer products including dehumidifiers.

## JURISDICTION AND VENUE

3. Jurisdiction is based upon diversity of citizenship pursuant to 28 U.S.C. §1332 in that this is an action between citizens of different states and the amount in controversy, exclusive of costs and interest, exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00).

4. Venue is properly laid in this judicial district because this is the judicial district in which the claim arose.

## FACTUAL ALLEGATIONS

5. At all times material hereto, Allstate's insured, Mary Campbell, owned and resided at the real property located at 497 Shunpike Road, Chatham, New Jersey ("the Property").

6. At all times material hereto, Allstate provided property insurance to Campbell for the Property pursuant to policy number 000909010154 ("the Policy").

7. At all times material hereto, there was a Hampton Bay HB40 dehumidifier in operation at the Property ("the Dehumidifier").

8. Hampton Bay is a brand name used by Home Depot for products manufactured exclusively by Home Depot.

9. Home Depot sold the Dehumidifier in its normal course of business as a merchant of products.

10. On or about August 5, 2017, a fire erupted in the Dehumidifier while it was in operation at the Property ("the Fire").

11. The Fire spread from the Dehumidifier and caused significant damage to the Property.

12. The Fire was a result of an electrical malfunction within the Dehumidifier.

13. Pursuant to the terms of the Policy, plaintiff reimbursed Campbell in the amount of $289,612.85 for damages arising from the Fire.

14. In accordance with the common law principles of legal and equitable subrogation and the terms of the Policy, plaintiff Allstate is subrogated to the rights of its insured with respect to any claims against defendant.

## COUNT I:   STRICT PRODUCTS LIABILITY

15. Plaintiff incorporates the previous allegations by reference as though fully set forth herein at length.

16. Defendant Home Depot designed, manufactured, and/or distributed the Dehumidifier, which was intended by the defendant to be used by members of the general public.

17. The Dehumidifier was unreasonably dangerous and unsafe for its intended use by reason of design and/or manufacturing defects in the Dehumidifier, which existed when the defendant placed it into the stream of commerce.

18. The design and/or manufacturing defects within the Dehumidifier resulted in an internal electrical malfunction, which caused the Dehumidifier to overheat and catch fire while being used for its ordinary and intended purpose.

19. The Dehumidifier had not been modified or altered in any way prior to the Fire and was in the same condition as when it was placed into the stream of commerce by defendant.

20. As a direct and proximate result of the defective condition of the Dehumidifier, the Fire occurred and resulted in significant damages to the Property.

21. Pursuant to N.J. Stat. Ann. §2A:58C-2, defendant Home Depot is strictly liable for manufacturing, selling and/or distributing the Dehumidifier in a defective and unreasonably dangerous condition.

WHEREFORE, plaintiff demands judgment in its favor and against defendant Home Depot in the amount in excess of $289,612.85, together with interest and costs of this action.

Respectfully Submitted,

COZEN O'CONNOR, a Pennsylvania Professional Corporation

BY: *s/ Daniel J. Luccaro*
DANIEL J. LUCCARO, ESQUIRE
457 Haddonfield Road, Suite 300
PO Box 5459
Cherry Hill, NJ 08002
800-523-2900 x6968
dluccaro@cozen.com
Counsel for Plaintiff